Receipt #260534

ORIGINAL

FILED
MAY 2 1 2004
U.S. COURT OF FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MUSTANG LINE CONTRACTORS, INC.,
Plaintiff,
v.
THE UNITED STATES,
Defendant.

No. 04- 901C

COMPLAINT
Allegations Common to All Claims

1. Plaintiff is a Washington Corporation with its principal place of business in Spokane, Washington.

2. On April 29, 2002 plaintiff entered into a contract with the Bonneville Power Administration (BPA), a subagency of the Department of Energy, for the removal and reconstruction of approximately 17 miles of 230 kV transmission line.

3. This Court has jurisdiction over this dispute pursuant to the Contract Disputes Act, 41 U.S.C. § 601, et. seq. And 28 U.S.C. § 1491 (a) (2).

First Claim for Relief

(Differing Site Condition)

4. During the proposal process BPA passed out drawings that were essentially 1953 as built drawings of the line. These drawings represented the amount of common material and rock material at each tower footing.

5. Plaintiff relied upon these drawings during the proposal process to determine the amount of rock that plaintiff would encounter.

6. Plaintiff encountered materially more rock than the BPA drawings indicated would be encountered.

7. Plaintiff presented its claim to the BPA contracting officer in the amount of $122, 249.

8. The contracting officer denied the claim in his decision dated May 27, 2003.

9. The contracting officer's decision was incorrect and the defendant is indebted to the plaintiff in the amount of $122, 249, plus interest at the Contract Disputes Act rate from the date the claim was certified to Contracting Officer.

Second Claim for Relief

(Additional Work and Associated Delay Damages)

10. Plaintiff realleges and incorporates paragraphs 1 through 3 herein.

11. During the course of construction, plaintiff was on the project for additional time because of additional work assigned to plaintiff and because of BPA caused delays.

12. BPA and the plaintiff attempted to negotiate the price of the additional work and the delay damages associated with the additional work and the BPA caused delay.

13. Plaintiff presented its claim to BPA in the amount of $369,690.

14. BPA audited the claims and the BPA contracting officer issued his final decision relating to all claims in which he allowed only $129,331.

15. The contracting officer's decision was issued on November 6, 2003.

16. The contracting officer's decision was incorrect and the defendant is indebted to the plaintiff in the amount of $240,354, plus interest at the Contract Disputes Act rate from the date the claim was certified to Contracting Officer.

Third Claim for Relief

(Attorney Fees)

17. Plaintiff realleges and incorporates paragraphs 1 through 3 herein.

18. Plaintiff claims for its attorney fees incurred herein under the Equal Access to Justice Act.

Wherefore plaintiff prays for judgment as follows:

1. $122, 249 on its First Claim for Relief.
2. $240,354 on its Second Claim for Relief.
3. Its reasonable attorney fees incurred herein on its Third Claim for Relief.

DATED this 20 day of May, 2004

Joseph A. Yazbeck, Jr.
YAZBECK, CLORAN & HANSON, LLC
1300 SW 5TH Ave., Suite 2750
Portland, OR 97201
Telephone No: (503) 227-1428
Facsimile No: (503) 227-4866
jay@yazbeckhanson.com
Attorney of Record for Plaintiff