IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MUSTANG LINE CONTRACTORS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-901C (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A (II & III) of the Rules of the United States Court of Federal Claims ("RCFC") , counsel for plaintiff and defendant submit the following joint preliminary status report.

(a) Does the Court have jurisdiction over the action?

Plaintiff believes the Court has jurisdiction over the action. Defendant believes the Court's jurisdiction is questionable and anticipates filing a dispositive motion.

(b) Should the case be consolidated with any other case and the reasons therefor?

At this time the parties are unaware of any other case with which this case should be consolidated.

(c) Should a trial of liability and damages be bifurcated and the reasons therefor?

Assuming the case proceeds to trial, the parties agree that the issues of liability and damages should be tried together.

(d) Should further proceedings in this case be deferred pending consideration of another case before this Court or any tribunal and the reasons therefor?

The parties agree that this case should not be deferred pending consideration of any other

cases.

(e) In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?

Neither party seeks suspension or remand at this time.

(f) Will additional parties be joined?

Neither party intends to join additional parties at this time.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56, and if so, a schedule for the intended filing?

Defendant anticipates filing a Rule 12(b)(1) motion within thirty (30) days of the filing of this status report.

(h) What are the relevant factual and legal issues?

As of the filing of this status report, the parties have identified the relevant, factual and legal issues as follows:

Defendant has identified the following relevant, factual and legal issues:

1. Whether the Court has jurisdiction to entertain plaintiff's claims.

2. Whether plaintiff knowingly or with reckless disregard submitted claims to the Contracting Officer that included costs that defendant had already paid under the original contract, costs not reflected in its records, and costs that defendant had already paid under previous work orders or contract amendments.

3. Whether plaintiff intended to mislead the Government when it knowingly submitted claims to the Contracting Officer that included that included costs that defendant had already paid under the original contract, costs not reflected in its records, and costs that defendant had already paid under previous work orders or contract amendments.

Plaintiff has identified the following relevant, factual and legal issues:

1. Whether the Agency made representations of the amount of rock to be encountered in the form of a drawing and whether these representations constituted a differing

site condition.

2. Whether the agency has fairly compensated the plaintiff for additional work performed for the agency, much of which was necessitated by defective steel provided by the agency. This claim includes questions regarding the correct amount of direct costs and job site and home office overhead paid to plaintiff.

3. Whether there is a scintilla of evidence supporting the government's counterclaims and whether the plaintiff should be awarded its fees under the equal access to justice act because the government filed a counterclaim that is baseless.

(i) <u>What is the likelihood of settlement? Is alternate dispute resolution contemplated?</u>

Defendant does not believe settlement is likely at this time, but will, of course, consider any settlement opportunity that arises. Defendant is not contemplating alternate dispute resolution at this time, but will, of course, consider doing so if appropriate.

(j) <u>Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling?</u>

As stated above, the defendant anticipates filing a dispositive motion within thirty (30) days. If, however, this motion does not dispose of the case as a whole, the parties anticipate proceeding to trial. Because defendant anticipates filing a dispositive motion, an expedited trial schedule is precluded.

(k) <u>Are there special issues regarding electronic case management needs?</u>

The parties are not currently aware of any special issues regarding electronic case management needs.

(l) <u>Is there other information of which the Court should be aware at this time</u>?

There is no information of which the Court should be aware at this time.

(m) Pursuant to Appendix A, ¶5, the parties submit the following proposed discovery plan:

Counsel for both parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose a discovery deadline of July 1, 2005.

Respectfully Submitted,

s/Joseph Yazbeck
JOSEPH YAZBECK
Yazbeck, Cloran & Hanson, LLC
1300 SW 5th Avenue, Suite 2750
Portland, OR 97201
Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Lindsay E. Williams
LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7995
Fax: (202) 514-8624

OF COUNSEL:
JACILYN MARGESON
PAUL MAUTNER
Bonneville Powers Administration
General Counsel's Office
P.O. Box 3621
Portland, OR 97208

Dated: December 16, 2004

Attorneys for Defendant